UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TE CONNECTIVITY CORPORATION,

                Plaintiff,

v.

SUMITOMO ELECTRIC WIRING
SYSTEMS, INC.,

                Defendant.

_____/

Case No. 2:22-cv-10283

District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

## ORDER GRANTING IN PART and DENYING IN PART THE PARTIES' MOTIONS TO COMPEL DISCOVERY AND FOR AN AWARD OF EXPENSES (ECF Nos. 35, 40)

This lawsuit concerns TE Connectivity Corporation's (TE's) terms and conditions of sale and Sumitomo Electric Wiring Systems, Inc.'s (SEWS's) allegedly unsubstantiated claims and arbitration demand.  (ECF No. 1, ¶¶ 6-33.) TE seeks a declaratory judgment and injunctive relief, as well as an award of actual legal fees and other costs.  (*Id*., PageID.8-10.)  SEWS has filed a counterclaim for breach of contract(s) and claims $25-26 million in damages, as discussed at oral argument.  (ECF No. 13.)

Currently before the Court are the parties' motions to compel discovery and for an award of expenses.  (ECF Nos. 35, 40; *see also* ECF No. 44.)  Judge Parker referred these motions to me for hearing and determination.  (ECF Nos. 36, 42.)

1

The parties have filed responses (ECF Nos. 47, 52), replies (ECF Nos. 51, 53), and a joint list of unresolved issues (ECF No. 54).[1]

On September 20, 2024, the Court held an in-person hearing, at which Attorneys Sean P. McNally and Andrew M. Gonyea appeared.  (ECF No. 49.) Upon consideration of the motion papers and counsels' representations during oral argument, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, the parties' motions (ECF Nos. 35, 40), as narrowed by the joint list of unresolved issues (ECF No. 55), are **GRANTED IN PART** and **DENIED IN PART** as follows:

To the extent TE objects "to producing unredacted copies of communications by TE fact witnesses that TE redacted as 'privileged[,]'" (ECF No. 54, PageID.1879-1881), the Court conducted an *in camera* review of unredacted versions of the redacted documents at issue, made its findings as to attorney-client privilege and attorney work product on the record, and rules as follows:

- TE **SHALL** produce an unredacted copy of the November 25, 2020 7:18 a.m. email from Gus Kokos to Logan Vinson (ECF No. 35-11. PageID.572);

- TE **SHALL** produce an unredacted copy of the February 23, 2021 11:49 a.m. transmittal email (but not the attachment) from

---

[1] The September 18, 2024 stipulated order (ECF No. 55) reflects the resolved issues.

Paul S. Sremcich to Timothy D. Coates (ECF No. 35-12, PageID.576);

- TE **SHALL** produce an unredacted copy of the February 9, 2021 10:41 a.m. email from Pape Ndaw to James O. Taylor, copied to Attorney Nirav Patel and Matthew Brennan (ECF No. 35-13, PageID.581);

- TE **SHALL** produce the glossy power point attachment that was reviewed on the record;

- TE **SHALL** produce an unredacted copy of the February 9, 2021 8:20 p.m. email from Taylor to Pape Ndaw, copied to Attorney Patel and others (ECF No. 35-13, PageID.581);

- Per the agreement made on the record, TE **SHALL** produce **(a)** an unredacted copy of the March 11, 2021 4:37 p.m. email from Brennan to Taylor (ECF No. 35-13, PageID.581), subject to the protective order (ECF No. 21), as well as **(b)** an unredacted copy of the power point attachment.

- TE **SHALL** produce an unredacted copy of the March 5, 2021 8:06 p.m. email from Kokos to multiple individuals (ECF No. 35-14, PageID.585), although the draft letter attachment, which has not been produced, is subject to work product protection and **NEED NOT** be produced; and,

- TE **NEED NOT** produce the March 7, 2021 8:39 a.m. email from Coates to Kokos, copied to Attorney Patel (ECF No. 35-14, PageID.584), as it is subject to the attorney-client privilege.

TE **SHALL** produce the ordered documents, review its previous redactions, and, if necessary, revise its privilege log, no later than **Friday, September 27, 2024**.

As for "[w]hether SEWS is required to provide further discovery regarding its settlements with concurrent shortage claims against other third-party suppliers[,]" (ECF No. 54, PageID.1881-1883) – and keeping in mind TE's assertion that this request is tethered to Interrogatory Nos. 7 & 8 and Document Request Nos. 16 & 17 (*see* ECF No. 40-3), as narrowed by the joint statement (ECF No. 54) – the Court finds that the request for this information is proportional and not unduly burdensome and, further, is persuaded that this information is relevant.  Accordingly, SEWS **SHALL**: (1) produce an internal report reflecting the amount of any settlement or resolution with other third-party claims that SEWS has already produced advance notifications or claim letters; (2) produce documents reflecting settlements or resolution by SEWS with the third parties set forth in SEWS-0344620–SEWS-0351671; and, (3) supplement its response to Interrogatory No. 8(a)-(d) as required.  The settlement information **SHALL** remain confidential under the protective order (ECF No. 21).  SEWS **NEED NOT** supplement its response to Interrogatory No. 8(e), as it is overbroad and covered adequately and proportionally by the documents this order requires to be produced and by other areas of depositional discovery available to TE (*e.g.*, Dirk Ford, Robert Levine, a Fed. R. Civ. P. 30(b)(6) witness, *etc.*), as well as SEWS's obligations under Fed. R. Civ. P. 26(a)(2)(B).  SEWS

4

**SHALL** supplement its interrogatory response, sworn and otherwise consistent with Fed. R. Civ. P. 33, no later than Wednesday, **October 9, 2024** and provide the settlement documents no later than Wednesday, **October 16, 2024**.

Finally, the parties' respective requests for awards of expenses are **DENIED**, as neither party fully prevailed.  Fed. R. Civ. P. 37(a)(5)(C).

**IT IS SO ORDERED.**[2]

Dated:  September 20, 2024

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).