UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TE CONNECTIVITY CORPORATION,

        Plaintiff,

v.

SUMITOMO ELECTRIC WIRING
SYSTEMS, INC.,

        Defendant.
_____/

Case No. 2:22-cv-10283

District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

**ORDER GRANTING IN PART AND DENYING IN PART TE CONNECTIVITY CORPORATION'S MOTION TO COMPEL DISCOVERY (ECF NO. 61) and EXTENDING DISCOVERY AND DISPOSITIVE MOTION DEADLINES**

**A.    Background**

This lawsuit concerns TE Connectivity Corporation's (TE's) terms and conditions of sale and Sumitomo Electric Wiring Systems, Inc.'s (SEWS's) allegedly unsubstantiated claims and arbitration demand.  (ECF No. 1, ¶¶ 6-33.) TE seeks a declaratory judgment and injunctive relief, as well as an award of actual legal fees and other costs.  (*Id*., PageID.8-10.)  SEWS has filed a counterclaim for breach of contract(s) and claims $26.1 million in damages (ECF No. 13, ¶¶ 18, 20, 24, 29), although, at the recently held hearing, SEWS claimed its present proofs will support a $21.9 million claim, $19.2 million of which relates to finished goods.

1

Thus far, the Court has already entertained and ruled upon two discovery motions (ECF Nos. 35, 40) and related motions to seal (ECF Nos. 38, 45).  (*See* ECF Nos. 57 & Text-Only Orders [Aug. 15, 2024 and August 22, 2024].)

**B.     Instant Motion**

Currently before the Court is TE Connectivity Corporation's November 21, 2024 motion to compel discovery (ECF No. 61), which Judge Parker has referred to me for hearing and determination (ECF No. 63) and as to which certain exhibits have been filed under seal (ECF No. 65), SEWS has filed a response (ECF No. 67), Plaintiff has filed a reply (ECF No. 68), and the parties have filed both a stipulation of resolved issues and a joint list of unresolved issues (ECF Nos. 72, 69).

On December 23, 2024, the Court held an in-person hearing, at which Attorneys Matthew J. Lund and Andrew M. Gonyea appeared.  (ECF No. 64.)

**C.     Order**

Upon consideration of the motion papers and counsels' arguments and representations at the hearing, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's motion (ECF No. 61), as narrowed by the joint list of unresolved issues (ECF No. 69), is **GRANTED IN PART** and **DENIED IN PART** as follows:

- For **Interrogatory No. 3** and **Request for Production No. 5(c)** (*see* ECF No. 69, PageID.2064-2065), as to which SEWS responded on August 14, 2024 (ECF No. 61-6, PageID.1986-1987, 1990-1991), SEWS **SHALL** supplement its answer to

2

    Interrogatory No. 3 – identifying "the makers of all composite parts included in the shipped items, whether TE or another manufacturer, for each shipment[,]" (ECF no. 69, PageID.2064) – but **NEED NOT** supplement its response to Request for Production No. 5(c).

- For **Interrogatory No. 2** (*see* ECF No. 69, PageID.2065-2068), as to which SEWS responded on August 14, 2024 (*see* ECF No. 61-6, PageID.1986), and bearing in mind Fed. R. Civ. P. 1's admonition that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding[,]" SEWS **NEED NOT** supplement its answer, although this ruling is without prejudice to TE's ability to identify each purchase order acknowledgment it claims to have submitted pursuant to Mich. Comp. Laws § 440.2207 (U.C.C. § 2-207)[1] and ask a series of related, targeted requests to admit (*e.g*, "Please admit that the acknowledgement attached as Ex. X was received by SEWS" and "Please admit that SEWS did not respond to Exhibit X") and, in conjunction therewith, corresponding, targeted document requests (*e.g*. for any response that SEWS claims to have made to Exhibit X/any particularly identified acknowledgment received from TE); and,

- For **Document Request Nos. 2 and 3** (*see* ECF No. 69, PageID.2068-2070), as to which SEWS responded on August 14, 2024 (*see* ECF No. 61-6, PageID.1989-1990), SEWS **SHALL** respond to Document Request No. 2 (taking into consideration TE's agreement to withdraw the portion related to "COVID testing") but **NEED NOT** respond to Document Request No. 3.

SEWS **SHALL** serve any of the above-ordered discovery no later than

**Friday, January 31, 2025**.

---

[1] *See* ECF No. 16, PageID.251 (Aff. Def. No. 4 to Counterclaim).

3

Moreover, the request for a 90-day extension of the current discovery deadline (*see* ECF No. 61, PageID.1937-1938) is **GRANTED**. The December 3, 2024 discovery deadline (*see* ECF No. 34) – as informally altered by the parties (*see* ECF No. 61, PageID.1938 n.12) – is hereby extended to **Wednesday, April 9, 2025**. As a result of that extension, the February 24, 2025 dispositive motion deadline (*see* ECF No. 62) is hereby **EXTENDED** to **May 23, 2025**.

Finally, Plaintiff's Fed. R. Civ. P. 37(a)(5)(A) request for an award of its costs and fees incurred in bringing this motion (ECF No. 61, PageID.1911, 1938) is **DENIED**, as neither party fully prevailed. Fed. R. Civ. P. 37(a)(5)(C).

**IT IS SO ORDERED.**[2]

Dated: December 26, 2024

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).