UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TE CONNECTIVITY CORPORATION,

    Plaintiff,

v.

SUMITOMO ELECTRIC WIRING
SYSTEMS, INC.,

    Defendant.
_____/

Case No. 2:22-cv-10283

District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

## ORDER DEEMING RESOLVED IN PART, GRANTING IN PART and DENYING IN PART DEFENDANT'S MARCH 13, 2025 MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S FED. R. CIV. P. 30(b)(6) NOTICE (ECF No. 83)

**A.  Background**

This lawsuit concerns TE Connectivity Corporation's (TE's) terms and conditions of sale and Sumitomo Electric Wiring Systems, Inc.'s (SEWS's) allegedly unsubstantiated claims and arbitration demand. (ECF No. 1, ¶¶ 6-33.) TE seeks a declaratory judgment and injunctive relief, as well as an award of actual legal fees and other costs. (*Id.*, PageID.8-10.) SEWS has filed a counterclaim for breach of contract(s) and claims $26.1 million in damages (ECF No. 13, ¶¶ 18, 20, 24, 29), although, at the December 23, 2024 hearing on TE's motion to compel discovery (ECF No. 61), SEWS claimed its then-present proofs would support a $21.9 million claim, $19.2 million of which relates to finished goods.

1

This Court has already entertained and ruled upon three discovery motions (ECF Nos. 35, 40, 61) and related motions to seal (ECF Nos. 38, 45). (*See* ECF Nos. 57 & Text-Only Orders [Aug. 15, 2024 and August 22, 2024] & ECF No. 73.) At this time, there are another four pending discovery-related motions (ECF Nos. 78, 83, 88, 90), each of which has been referred to me for hearing and determination (ECF Nos. 79, 84, 89, 96).

**B.     SEWS's March 13, 2025 Motion for Protective Order**

Currently before the Court is Defendant SEWS's motion for protective order regarding Plaintiff TE's Rule 30(b)(6) notice (ECF No. 83), as to which TE has filed a response (ECF No. 93), SEWS has filed a reply (ECF No. 99), and the parties have filed initial and amended joint lists of resolved and unresolved issues (ECF Nos. 101, 102).

Although the Court noticed an in-person hearing for April 11, 2025 (ECF No. 87), it cancelled the hearing on April 10, 2025, citing E.D. Mich. LR 7.1(f)(2) and stating that an order would follow shortly.

**C.     Order**

Upon consideration of the motion papers, Defendant's motion (ECF No. 83) is **DEEMED RESOLVED IN PART**, **GRANTED IN PART**, and **DENIED IN PART** as follows:

- To the extent SEWS sought an order limiting the scope of TE's Rule 30(b)(6) deposition topics (*see* ECF No. 83, PageID.2264, 2257), the parties have provided a list of 65 "TE-revised topics that SEWS agrees to on an individual basis . . . [,]" (*see* ECF No. 102, PageID.4883-4887).

- To the extent SEWS challenged the scope of Topic 30 (*i.e.*, a 66th topic), TE has agreed to "a temporal limitation of 2 years preceding the Claim Period[,]" (*see* ECF No. 102, PageID.4889-4890, 4892). Since this syncs with SEWS's proposed resolution of the issue (*id.*, PageID.4890), this issue is **DEEMED RESOLVED**.

- To the extent SEWS sought an order limiting the number of topics for the deposition of SEWS's corporate representative (ECF No. 83, PageID.2264, 2257; ECF No. 102, PageID.4887-4892), the Court is persuaded that it should "not impose caps on the number of topics that are properly drafted[,]" at least, not solely on the basis of their sheer number.  (ECF No. 93, PageID.4680-4681.)  *See, e.g.*, *United States ex rel. Griffis v. EOD Tech., Inc.*, No. 3:10-CV-204-TRM-DCP, 2024 WL 4921518, at *9-*10 (E.D. Tenn. May 10, 2024) (declining to strike three topics that each allegedly had 132 subparts), *objections overruled*, No. 3:10-CV-204, 2024 WL 4920596 (E.D. Tenn. July 8,

3

2024); *United States v. Taylor*, 166 F.R.D. 356, 364 (M.D.N.C.) ("At the Rule 30(b)(6) deposition of UCC, UCC shall produce its designated deponents sequentially in the order of the areas of inquiry numbers 1 through 76 set forth in Attachment A, unless the parties agree otherwise."), *aff'd*, 166 F.R.D. 367 (M.D.N.C. 1996). As noted above, SEWS is claiming more than $20 million in damages. *See Duran v. Sara Lee Corp.*, No. 1:11-CV-313, 2013 WL 12308200, at *2 (W.D. Mich. May 3, 2013) ("The more complex the case, the greater the number of topics to be explored during the deposition and the greater number of witnesses."). However, "[t]he discovery rules vest broad discretion in the trial court." *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992). While the Court is not wowed by the sheer number of topics proposed by TE, and while Rule 30(b)(6) contains no specific limitation on the number of topics that may be designated, the Court is also cognizant of its obligation to administer and employ the Rules to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The Court likewise takes into consideration the proportionality factors set forth in Fed. R. Civ. P. 26(b)(1), as applied to the particular allegations and history of this case, with which the Court has become

4

deeply familiar over the course of several discovery-related motions. Moreover, as pointed out in the amended Joint Statement, SEWS's corporate representative, Dirk Fonda, has already been deposed in his individual capacity for seven hours, allegedly with some overlap to topics that were more appropriately reserved for a Rule 30(b)(6) deposition. (ECF No. 102, PageID.4888.) The Court is persuaded by SEWS's argument that, as presently propounded, based on the suggested ten allotted hours, TE would still only have an average of nine minutes to explore each of the 66 proposed topics, and, therefore, SEWS would likely waste a lot of time preparing its witness or witnesses for topics that would either be touched upon in only the briefest of fashions, or skipped altogether. (*Id.*, PageID.4887-4889.) Expanding the time to two full days of depositions (7 hours per day), while modestly decreasing the number of topics, will allow for a more meaningful exploration of subjects and, at the same time, avoid unnecessary preparation for topics that will not realistically get covered. Thus, to better reflect the preparation time it takes for all of these topics – the parties will be reciprocally[1] limited to two days (*i.e.*,

---

[1] Reciprocity was suggested by TE as a compromise (ECF No. 102, PageID.4891-4892) but is imposed by the Court in the interest of fairness and given the magnitude of this case.

a total of <u>14 hours</u> per side) for Rule 30(b)(6) deposition(s), and SEWS shall be limited to <u>56 topics</u> (which results in an average of 15 minutes per topic).

Finally, the Court will not award reasonable expenses, as neither party fully prevailed, *see* Fed. R. Civ. P. 37(a)(5)(C), and the motion appears to have had some merit, which was subsequently the subject of multiple compromises by the parties, for which the Court is grateful.

**IT IS SO ORDERED.**[2]

Dated:  April 11, 2025

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).