UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TE CONNECTIVITY CORPORATION,

      Plaintiff,

v.

SUMITOMO ELECTRIC WIRING
SYSTEMS, INC.,

      Defendant.
_____/

Case No. 2:22-cv-10283

District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

**ORDER DEEMING RESOLVED IN PART and DENYING IN PART NON-PARTY APTIV SERVICES US, LLC'S MOTION TO QUASH TE CONNECTIVITY CORPORATION'S RULE 30(b)(6) SUBPOENA FOR DEPOSITION DUCES TECUM (ECF No. 78)[1]**

Currently before the Court is non-party Aptiv Services US, L.L.C.'s ("Aptiv's") February 20, 2025 motion to quash TE's Fed. R. Civ. P. 30(b)(6) subpoena for deposition duces tecum (ECF No. 78), as to which TE has filed a response (ECF No. 80), non-party Aptiv has filed a reply (ECF No. 85), and the parties have filed a joint list of unresolved issues (ECF No. 109).

---

[1] As the attorneys surely realized in the courtroom at the conclusion of the hearing, the Court got it backwards in pronouncing the ruling from the bench, momentarily referring to the motion as if brought by TE to compel discovery, instead of by Aptiv to quash, and stating that the motion was partially *granted*. But the relief given by the Court should have made that error obvious to all involved.

1

Although the Court originally noticed an in-person hearing for April 11, 2025 (ECF No. 87), it was re-noticed for May 1, 2025 (ECF No. 94). On the date set for hearing, Attorneys Jeffrey K. Lamb and Jewel Haji Boelstler (non-party Aptiv), Matthew J. Lund (TE), and Benjamin I. Shipper (SEWS) appeared in my courtroom.

Upon consideration of the motion papers and counsels' arguments and representations at the hearing, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein,</u> non-party Aptiv's motion (ECF No. 78), as narrowed by the joint statements (ECF Nos. 81, 82, 92, 109), is:  **(1) DEEMED RESOLVED** as to TE's document subpoena, based on non-party Aptiv's April 14, 2025 document production to TE (*see* ECF No. 109, PageID.4919); and, **(2) DENIED** as to TE's Fed. R. Civ. P. 30(b)(6) deposition subpoena (*see* ECF No. 78, PageID.2121), subject to TE's revised list of five deposition topics (*see* ECF No. 81, PageID.2249-2250). No later than **May 8, 2025**, TE **SHALL** provide non-party Aptiv with copies of the notices and advance notifications referenced in Topics 1-4 of TE's revised list of five deposition topics (ECF No. 81, PageID.2249-2250). Keeping in mind that the current dispositive motion deadline is **June 13, 2025** (ECF No. 106), no later than **June 4, 2025**, non-party Aptiv **SHALL** give a Rule 30(b)(6) deposition, limited to: **(a)** TE's revised list of five deposition topics (ECF No. 81, PageID.2249-2250);

**(b)** three hours of questioning by TE; and, **(c)** up to an hour of follow up questioning by SEWS.  At the time of questioning, non-party Aptiv may designate an answer as subject to the "CONFIDENTIAL INFORMATION" and/or "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY" designations described in the September 23, 2024 amended protective order provides (*see* ECF No. 58, PageID.1898-1900 ¶¶ 2, 4).

Finally, the Court will not award reasonable expenses, as neither the movant nor the respondent fully prevailed, *see* Fed. R. Civ. P. 37(a)(5)(C), and the motion was the subject of compromise and partial resolution by the parties, for which the Court is grateful.

**IT IS SO ORDERED.**[2]

Dated:  May 1, 2025

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).